```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
GAMEL BROWNE, pro se,                           :
                                                :
                    Petitioner,                 :
                                                :           ORDER ADOPTING
            -against-                           :           REPORT AND
                                                :           RECOMMENDATION
                                                :
PHILIP HEATH,                                   :           11-CV-1078 (DLI)(CLP)
                                                :
                    Respondent.                 :
                                                :
------------------------------------------------------------------ x
```

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* petitioner Gamel Browne filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered the respondent to answer the petition and referred the action to the Honorable Cheryl L. Pollak, United States Magistrate Judge, for the preparation of a Report and Recommendation. On August, 25, 2014, Magistrate Judge Pollak issued her Report and Recommendation ("R&R"). (*See* R&R, Dkt. Entry No. 14.) Petitioner filed timely objections to the R&R, and the Court referred the petition back to the magistrate judge to address Petitioner's objections and request that Magistrate Judge Pollak recuse herself from the case. (*See generally* Notice from Gamel Browne to Chief Judge Amon, Dkt. Entry No. 15; Order of Sep. 26, 2015, Dkt. Entry No. 18.) On February 25, 2015, Magistrate Judge Pollak issued her Supplemental Report and Recommendation ("Supplemental R&R"). (*See* Supplemental R&R, Dkt. Entry No. 20.) Again, Petitioner filed objections. (*See generally* Objections to R&R and Supplemental R&R, Dkt. Entry No. 21.) For the reasons set forth below, the R&R and Supplemental R&R are adopted in their entirety and the petition is denied.

1

**DISCUSSION**

When no objections to an R&R are made, the court may adopt the R&R if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). "The clearly-erroneous standard also applies if a party makes only conclusory or general objections, or simply reiterates his original arguments." *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) (citation and internal quotation marks omitted). When specific objections are made, a district judge must make a *de novo* determination with respect to those parts of the R&R to which the party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980).

*Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

The Court has reviewed the record, the relevant case law, the R&R, the Supplemental R&R, and petitioner's objections. Petitioner's objections fall into three categories. First, many of the objections consist of restatements of the arguments he raised in his petition. It is clear from review of the magistrate judge's thorough and well-reasoned R&R and Supplemental R&R,

that in preparing the R&R and Supplemental R&R, the magistrate judge construed the petition as raising the strongest claims suggested. The magistrate judge disposed of each of petitioner's claims appropriately, supporting her findings with abundant factual and legal support.

In the second category of objections, petitioner mistakenly relies on the Supreme Court's decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), which address ineffective assistance of counsel in state court collateral and habeas proceedings. However, as Petitioner filed no such state court challenges, the cases are inapplicable. Again, the Court reviewed the relevant portions of the R&R and Supplemental R&R, and the magistrate judge appropriately applied well settled legal principles in reaching her recommendations.

Finally, Petitioner also argues his claims should be exempt from the exhaustion requirements outlined in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). However, the magistrate judge addressed all of Petitioner's underlying claims, even those not yet exhausted, and appropriately found them deficient. Accordingly, the Court hereby adopts the R&R and Supplemental R&R in their entirety.

## CONCLUSION

For the reasons set forth above, the R&R and Supplemental R&R are adopted in their entirety. Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* FED. R. APP. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma*

*pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 30, 2015

                                                          /s/
                                              DORA L. IRIZARRY
                                              United States District Judge